IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01675-LTB-KMT

DARRELL FORTNER, and
JENNIFER FORTNER,

    Plaintiffs,
v.

RENE CARTIER,
DEAN EASTEPP, and
BARBARA HUGHES,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    This matter is before the court on "Defendant Dean Eastepp's Motion for Summary Judgment" ("Eastepp Mot." [Doc. No. 16, filed October 22, 2007]); Brief in Support of the Motion [Doc. No. 17]) and on "Defendants Cartier and Hughes' Motion to Dismiss or for Summary Judgment" ("Cartier/Hughes Mot." [Doc. No. 25, filed November 1, 2007]); Brief in Support of the Motion [Doc. No. 26].) Plaintiffs filed a response to the Eastepp Motion on November 23, 2007 [Doc. No. 35] and to the Cartier/Hughes Motion on December 3, 2008 [Doc. No. 40].[1] Eastepp filed a Reply on December 10, 2007 [Doc. No. 42] and Cartier and Hughes

---

[1] Plaintiffs filed the identical response a second time [Doc. No. 41, filed December 4, 2008].

filed a Reply on December 18, 2007 [Doc. No. 43]. These motions are ripe for review and ruling.

*I.     Background*

On July 26, 2007, the plaintiffs appeared at the office of the Clerk of the Court in response to a subpoena for a Colo. R. Civ. P. 69 deposition. (Compl. ¶ 11.) Plaintiffs claim they asked to be represented by an attorney for the deposition but that their request was denied and the deposition went forward with respect to Plaintiff Jennifer Fortner. (Compl. ¶¶ 13 - 15; Eastepp Mot. ¶ 7.) No party disputes, however, that Darrell Fortner's deposition was not taken due to his request for an attorney and the subpoena was continued until August 9, 2007 to allow Mr. Fortner time to retain counsel. (*Id.* ¶ 7 and Exh. I,[2] ¶ A.) Plaintiffs filed a Motion in the El Paso District Court, Case No. 97-cv-1619 to vacate the August 9, 2007 hearing claiming they were not aware the hearing was before a special master, that they were not "affored (sic) a chance to get their attorney for that hearing of July 26, 07," that Mr. Eastepp was allowed to examine Jennifer Fortner without the presence of counsel for Ms. Fortner, and that "the hearing of July 26, 2007 was held in violation of Plaintiffs' civil rights denying Plaintiffs rights to an attorney and due process and several 4th 5th 6th 14th Amendments to the U.S. Constitution." (Eastepp Mot., Exh. J.) El Paso County District Court Judge Ronald G. Crowder denied the motion, stating in part, "F. The hearing of July 26, 2007 was not held in violation of the Plaintiff's (sic) civil rights. The Subpoena Duce (sic) Tecum clearly states the purpose of the

---

[2]Many of the same exhibits are also attached to the Motion for Summary Judgment filed by Cartier and Hughes and will not be referenced specifically herein.

hearing and gives the parties adequate notice." (Eastepp Mot., Exh. I.) Judge Crowder also noted without censure that the plaintiffs appeared without counsel at the hearing. (*Id.* ¶ C.)

The disputed Rule 69 hearing came about as a consequence of a lawsuit filed by the Fortners in 1997 in the District Court for El Paso County, Colorado against multiple defendants, including the City of Colorado Springs. (Eastepp Mot. Exh. A, final Order in Case No. 97-CV-1619, ¶ 5.) Plaintiffs were briefly represented by counsel in the matter, who withdrew from the case in 2005. (Eastepp Mot., Exh. E.) All of plaintiffs' claims were dismissed in the matter and the dismissal was upheld by the Colorado Court of Appeals. (*Id.* ¶ 2.) Following the return of the case from the Colorado Court of Appeals, Judge Theresa M. Cisneros awarded the defendants their fees and costs in defending against the plaintiffs' claims. (*Id.*; Eastepp Mot., Exh. B, Transcript of Judgment). Defendant Eastepp began representing the defendant/creditors from the 1997 case in 2003 and began taking steps to collect the judgment. The 2007 subpoena to appear for the Rule 69 deposition was part of that effort. (Eastepp Mot., Exh. H, subpoena for July 26, 2007 hearing.)

The June 28, 2007 subpoena provided: "You are ordered to attend and give testimony in the office of the Clerk of the District Court of El Paso County, Room 120, at 105 E. Vermijo, Colorado Springs, CO on July 26, 2007 at 11:00 AM. o'clock as a witness for the Defendant/Judgment Creditor in an action between Defendant/Judgment Creditor, and Plaintiff/Judgment Debtor ....." (*Id.*) The subpoena additionally required the plaintiffs to produce specific categories of documents at the July 26, 2007 proceeding and contained the

3

statutorily required warning, "If you fail to appear at said time, a bench warrant may be issued for your immediate arrest." (*Id.*)

Plaintiffs now complain that the July 26, 2007 hearing violated their rights pursuant to "42 USCS 1983, 42 USC8 (sic) 1985, 42 USCS 1985(3), 42 USCS 1986, Art III sec 2 of the U.S. Constitution, First Amendment, 5th Amendment." The Complaint states as violations that "the defendants conspired in concert . . . to deprive plaintiffs of their civil rights to an attorney at a court hearing" (Compl. ¶¶ 6, 22); that defendant Cartier "held a hearing and recorded the same" concerning the deposition of Jennifer Fortner without an attorney in violation of plaintiffs civil rights (Compl. ¶¶ 9, 10); that Eastepp "tricked plaintiffs knowing there would be a court hearing" (Compl. ¶ 16); that Eastepp "questioned plaintiff, Jennifer Fortner, 45 minutes without an attorney and threatened and intimated (sic) her . . ." (Compl. ¶ 8); that "Defendant Hughes knew & had personal knowledge of the wrongs being committed against Plaintiffs and had the power to prevent the wrong but failed and refused to prevent the same" (Compl. ¶¶23-24); and that Plaintiffs have suffered "great emotional distress" due to defendants "wilful & wanton" actions in conducting the hearing without the presence of an attorney for the Fortners. (Compl. ¶28.) The plaintiffs sum up their complaint in paragraph 25, stating

> Defendants, Magistrate, (sic) Hughes and Cartier knowingly (sic) violating (sic) plaintiffs civil rights of Due process 4th 5th 6th & 14th Amendments to the U.S. Constitution allowing a lawyer, Defendant, Eastepp to question Plaintiff, Jennifer Fortner in a court hearing without her lawyer.

(Compl. ¶ 25.)

As grounds for his Motion for Summary Judgment, Defendant Eastepp claims: (1) there is no right to counsel for a judgment debtor at a Rule 69 hearing; (2) Plaintiffs' Complaint is barred by the doctrine of claim preclusion and the *Rooker-Feldman* doctrine; (3) Defendant is not a state actor and cannot be held accountable pursuant to Title 42, U.S.C. §§ 1983 and 1985; (4) no claim has been stated pursuant to Title 42, U.S.C. § 1985 and therefore no claim can be pursued under section 1986; and (5) if the state action is deemed not final, the court should abstain from ruling.

Defendants Cartier and Hughes concur in the grounds stated by Eastepp but additionally claim: (1) Cartier and Hughes, state judicial officers, are entitled to absolute immunity; (2) Plaintiffs' damages claims are barred by the Eleventh Amendment; (3) Cartier and Hughes are not "persons" pursuant to 42 U.S.C. § 1983 when sued in their official capacities; and, (4) Cartier and Hughes are entitled to qualified immunity in their individual capacities.

## II.     Standard of Review

### A.     Pro Se Plaintiff

The plaintiffs are proceeding *pro se*. The court, therefore, "review[s] [their] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.

5

1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiffs' *pro se* status does not entitle her to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### B. Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909.

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

### C. Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

Thus, all well-pleaded factual allegations in a complaint are accepted as true and construed in the light most favorable to the plaintiffs. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In doing

7

so, the Court distinguishes well-pleaded facts from conclusory allegations. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (citations omitted).

In *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (2007), the Supreme Court articulated a new "plausibility" standard, under which a complaint must include "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974. The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) *(overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). In evaluating a 12(b)(6) motion to dismiss, it is appropriate to look to whether the plaintiff has alleged each element necessary to establish a prima facie claim on which relief can be granted. *See Ruiz*, 299 F.3d at 1182-83; *Sutton v. United Air Lines, Inc.*, 130 F.3d 893, 902-903 (10th Cir. 1997). Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed. R. Civ. P. 8(a); *Hall*, 935 F.2d at 1110.

### D. *Summary Judgment*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2006); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The moving party bears the

initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e) (2006). A fact in dispute is "material" if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248). The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

### III.   Analysis

#### A.   *Right to Attorney in Civil Proceedings*

Central to all of the plaintiffs' claims is their position they were denied the right to have an attorney present with them at the Rule 69 deposition which they characterize as a court hearing. Plaintiffs claim they did not realize the "testimony" they were subpoenaed to give would be the equivalent of an actual court hearing and, therefore, claim their rights were violated

when Mr. Eastepp and the court officials went forward in the absence of an attorney for the plaintiffs.

>Colo. R. Civ. P. 69, provides in part
>
>(e) Subpoena for Appearance of Judgment Debtor. (1) At any time after entry of a final money judgment, a judgment creditor may cause a subpoena or subpoena to produce to be served as provided in C.R.C.P. 45 requiring the judgment debtor to appear before the court, master or referee with requested documents at a specified time obtained from the court to answer concerning property. A judgment debtor may be required to attend outside the county where such judgment debtor resides and the court may make reasonable orders for mileage and expenses. The subpoena shall include on its face a conspicuous notice to the judgment debtor that provides: "Failure to Appear Will Result in Issuance of a Warrant for Your Arrest."
>
>(2) If the judgment debtor, after being properly served with a subpoena or subpoena to produce as provided in C.R.C.P. 45, fails to appear, the court upon motion of the judgment creditor shall issue a bench warrant commanding the sheriff of any county in which the judgment debtor may be found, to arrest and bring the judgment debtor forthwith before the court for proceedings under this Rule.
>
>(f) Subpoena for Appearance of Debtor of Judgment Debtor. At any time after entry of a final money judgment, upon proof to the satisfaction of the court, that any person has property of, or is indebted to a judgment debtor in any amount exceeding Five Hundred Dollars not exempt from execution, the court may issue a subpoena or subpoena to produce to such person to appear before the court, master, or referee at a specified time and answer concerning the same. Service shall be made in accordance with C.R.C.P. 45, and the court may make reasonable orders for mileage and expenses.
>
>(g) Order to Apply Property on Judgment; Contempt. The court, master, or referee may order any party or other person over whom the court has jurisdiction, to apply any property other than real property, not exempt from execution, whether in the possession of such party or other person, or owed the judgment debtor, towards satisfaction of the judgment. Any party or person who disobeys an order made under the provisions of this Rule may be punished for contempt. Nothing in this rule shall be construed to prevent an action in the nature of a creditor's bill.

Colo. R. Civ. P. 69.

The Constitution guarantees a right to counsel only in certain situations. In both criminal and civil cases litigants have a presumed right to counsel when they could lose their physical liberty if they lose the litigation. *Garramone v. Romo*, 94 F.3d 1446, 1449 (10th Cir. 1996). *See also Walker v. McLain*, 768 F.2d 1181, 1183 (10th Cir. 1985) (the right to counsel, as an aspect of due process, turns not on whether a proceeding may be characterized as "criminal" or "civil," but on whether the proceeding may result in a deprivation of liberty).

In proceedings where litigants are not directly threatened by a loss of physical liberty, a presumption arises <u>against</u> a right to counsel. *Lassiter v. Department of Social Servs.*, 452 U.S. 18, 26-27 (1981). *Garramone*, 94 F.3d at 1449. As a litigant's interest in personal liberty diminishes, so does his right to counsel. *Lassiter*, 452 U.S. at 25. Pursuant to Colo. R. Civ. P. 69(e)(2), if a properly subpoenaed judgment debtor, which both Darrell and Jennifer Fortner undisputably are, does not appear as subpoenaed, they could be arrested and brought to court. However, at no time were they or would they have been, subject to arrest since they appeared for the hearing as subpoenaed. They do not allege, and in fact cannot allege, that they were ever subject to incarceration in connection with the July 26, 2007 depositions.

In addition to the simple right to seek appointed counsel in some instances, the courts often analyze the fundamental fairness afforded to litigants when determining a right to counsel. "'Due process,' unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances." *Cafeteria Workers v. McElroy*, 367 U.S. 886, 895 (1961) (overruled on other grounds *Bd. of Regents v. Roth*, 408 U.S. 564 (1972).) "(D)ue

process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). In determining whether the requirements of due process warrant the right to counsel, the Tenth Circuit has required a "fundamental fairness" balancing as outlined by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 903, 47 L. Ed. 2d 18 (1976). *Garramone*, 94 F.3d at 1449 -1450. This court must therefore weigh: first, the private interest that will be affected by the official action, in this case the Rule 69 hearing; second, the risk of an erroneous deprivation of such interest through the procedure used, and the probable value, if any, of additional or substitute procedural safeguards; and third, the state's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *See Lassiter*, 452 U.S. at 26-33. The court analyzes the application of these factors to this case to determine whether they overcome the presumption <u>against</u> the right to counsel. *Garramone* at 1449-1450.

Judgment creditors have a substantial interest in being able to collect on debts lawfully owed. Likewise, the court has an interest in ensuring that creditors are able to collect judgments issued by the court pursuant to statutory process. *Jones v. District Court for the City and County of Denver*, 312 P.2d 503 (Colo. 1957); *First Nat. Bank of Denver v. District Court In and For City and County of Denver,* 652 P.2d 613, 616 (Colo. 1982) (a court may not stay execution and thereby impair or destroy the statutory right of a judgment creditor to enforce collection of its judgment). There does not appear to be a cognizable private interest in hiding one's assets from creditors. *See* Colo. Rev. Stat. §13-52-102 (all property of the debtor is subject to execution and sale pursuant to a writ in order to satisfy the judgment debt)*; First Nat. Bank of Denver*, 652

12

P.2d at 617-618 (judgment creditors are entitled to employ supplemental proceedings in aid of execution to collect the judgment from the defendants' property).

Rule 69 hearings are not adversarial proceedings; rather, they are an opportunity for creditors to receive information from debtors under oath regarding their assets and current abilities to satisfy judgments. *Securities Investor Protection Corp. v. First Entertainment Holding Corp.,* 36 P.3d 175, 179 (Colo. App. 2001) (the purpose of a C.R.C.P. 69 proceeding is to discover what property the judgment debtor has that is subject to execution, not to try contested title as to such property.)

This court, therefore, concludes the plaintiffs were not required to have counsel to represent them at the July 26, 2007 hearing, although they certainly could have hired counsel and brought that counsel with them to the hearing if they so desired. The plaintiffs were not subject to incarceration as a result of the outcome of the proceedings and fundamental fairness did not overcome the presumption against the requirement for counsel during the depositions. There was no prohibition on the defendants from simply proceeding forward when no attorney was hired by the plaintiffs or brought to the hearing.

This court concludes, then, since the Fortners had no requirement for or right to counsel other than as hired by them prior to the scheduled proceedings, and since they could have hired counsel if they so chose, the defendants did not violate any right of the plaintiffs in proceeding with the Rule 69 deposition of Jennifer Fortner as subpoenaed.

The court has taken all Fortners' allegations as true and construed the facts in the light most favorable to the plaintiffs as required by *Alvarado*, 493 F.3d at 1215, however since they

had no right to counsel at the July 26, 2007 hearing, there was no deprivation of any right of either of the plaintiffs, and therefore they have failed to state a claim upon which relief can be granted. All their claims must fail.

### B. *Defendants' Jurisdictional Arguments*

The defendants set forth various arguments favoring dismissal of the case on the bases of their particular status and position with respect to the plaintiffs which may be meritorious. Those claims include immunity for the state actors, Cartier and Hughes, as well as an Eleventh Amendment bar; no state action by Eastepp; *res judicata* and claim preclusion as a result of the state proceedings; the *Rooker-Feldman* doctrine; and, abstention requirements concerning ongoing state matters. However, given that this court finds there has been no violation of any right held by the plaintiffs, there is no reason for the court to expend its resources analyzing each jurisdictional component.

WHEREFORE, for the foregoing reasons, I respectfully **RECOMMEND**:

1. Defendant Dean Eastepp's Motion for Summary Judgment [Doc. No. 16] be GRANTED.

2. Defendants Cartier and Hughes' Motion to Dismiss or for Summary Judgment [Doc. No. 25] be GRANTED.

### *ADVISEMENT TO THE PARTIES*

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d

1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 25th day of August, 2008.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge